UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MINGTON TEA and PEOPLE INC., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 09-11604-JLT |
| | * | |
| COMMONWEALTH OF MASSACHUSETTS, DEPARTMENT OF STATE POLICE, MICHAEL HALLSTEAD, individually, and JOHN DOE, individually, | * * * * * | |
| | * | |
| Defendants. | * | |

ORDER

April 1, 2010

TAURO, J.

After reviewing the Parties' submissions, this court hereby orders that the Motion to Dismiss by Defendants Commonwealth of Massachusetts and Department of State Police [#6] is ALLOWED. Under the Eleventh Amendment to the United States Constitution, a federal court is generally without power to entertain a suit for money damages by a private entity against the state, absent the state's consent.[1] Importantly, Eleventh Amendment sovereign immunity applies with equal force to prevent a federal court from hearing suits for money damages against state agencies,[2] such as the Massachusetts Department of State Police.[3]

Because the Commonwealth of Massachusetts has not waived its sovereign immunity as to

---

[1] Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

[2] See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 143 (1993).

[3] Mass. Gen. Laws c. 22C, § 2; Complaint ¶ 4.

any of the claims brought against it or its agency in the present action,[4] this court must dismiss this case as to the Commonwealth of Massachusetts and the Department of State Police for lack of subject matter jurisdiction.[5]

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge

---

[4] See Hudson v. Maloney, 326 F. Supp.2d 206, 213 (D.Mass. 2004) (citing Woodbridge v. Worcester State Hospital, 384 Mass. 38, 44-45 & n. 7 (1981)).

[5] This court notes that Plaintiff assents to dismissal of all but Count XIII, alleging a violation of Mass. Gen. Laws c. 258, the Massachusetts Torts Claims Act. The case law is clear, however, that this court lacks jurisdiction over this claim. See Caisse v. Dubois, 346 F.3d 213, 218 (1st. Cir. 2003) (internal citations omitted) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court.").